Lisa Haney
106-1/2 Judge John Aiso St #183
Los Angeles, California 90012

Plaintiff, *In Pro Per*

FILED

2022 MAR 21 · PM 4: 25

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

**UNITED STATES ~~BANKRUPTCY~~ DISTRICT COURT**

**CENTRAL DISTRICT**

LACV-221858-PA-MARx

| | |
|---|---|
| LISA HANEY, | ) Case No. |
| Plaintiff / Debtor | ) |
| Vs | ) |
| ROYAL FORCELL, CAPITAL DIRECT | ) PLAINTIFF, LISA HANEY'S COMPLAINT |
| FUNDING,  SERVICES, INC., DIRECT | ) AGAINST ROYAL FORCELL, CAPITOL |
| SERVICING, INC., DAK PROPERTIES, | ) DIRECT FUNDING, INC, PEAK |
| LLC::CALIFORNIA, WICKLAND FAMILY | ) FORECLOSURE SERVICES, INC.,DIRECT |
| TRUST , PEAK FORECLOSURE | ) SERVICING INC., DAK PROPERTIES, |
| SERVICES, INC. AND DOES 1 to 100, | ) LLC:: CALIFORNIA, WICKLAND FAMILY |
| INCLUSIVE, | ) TRUST FOR MONETARY DAMAGES |
| | ) AND EQUITABLE RELIEF |
| | ) |
| | ) UNLIMITED CIVIL ACTION |
| Defendants | ) |
| | ) AMOUNT DEMANDED: |
| V | ) |
| | ) $1,500,000.00 |
| Lisa Sharue Haney | ) |
| | ) Trial: TBD |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

PLAINTIFF, LISA HANEY AGAINST CAPITAL DIRECT FUNDING, INC, PEAK
FORECLOSURE SERVICES, INC., DAK PROPERTIES, LLC.::CALIFORNIA, WICKLAND
FAMILY TRUST FOR  MONETARY DAMAGES AND EQUITABLE RELIEF
UNLIMITED CIVIL ACTION
AMOUNT DEMANDED:
$1,500,000.00

_____ )

TO THIS HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

Plaintiffs hereby allege as follows:

## JURISDICTION

District Court has original, subject matter and diversity jurisdiction pursuant to 18 USC §1332 because the parties, Royal Forcell, Capital Direct Funding, Inc., Peak Foreclosure Services, Inc., Direct Servicing, Inc., Dak Properties, Inc..::California, and Wickland Family Trust who are a corporation in Delaware and I am a resident of California and the amount in controversy is in excess of $75,000.00), and the court has subject matter jurisdiction because the federal statute 18 USC§1343 is implicated by the actions of all defendants.

## VENUE

Venue is appropriate under 28 USC § 1391 because one defendant, Royal Forcell, Capital Direct Funding, Inc., Peak Foreclosure Services Inc., Direct Serving, Inc., DAK Properties LLC:: California, Wickland Family Trust  resides in the geographic area.

PLAINTIFF, LISA HANEY (hereinafter "PLAINTIFF" or I), comes now and commences the present civil action against  (hereinafter "DEFENDANT"),  and moreover DOES 1 to 100 INCLUSIVE for adverse possession, other causes of action including monetary damages and for equitable relief.
I.

--

PLAINTIFF, LISA HANEY AGAINST CAPITAL DIRECT FUNDING, INC, PEAK FORECLOSURE SERVICES, INC., DAK PROPERTIES, LLC.::CALIFORNIA, WICKLAND FAMILY TRUST FOR  MONETARY DAMAGES AND EQUITABLE RELIEF
UNLIMITED CIVIL ACTION
AMOUNT DEMANDED:
$1,500,000.00

FACTUAL ALLEGATIONS

1.      I am a citizen of the State of California and the legal and equitable fee simple owner of the real property. Said property is located at 1146 E 58th Place, Los Angeles, California in the City of Los Angeles, State of California with a zip code of 90001. (See Exhibit "A") -the Deed of Trust (DOT).  Indeed, I am the trustee, Executrix and beneficiary of the LOIS A. COBB Living Trust U/D/T/ 9/17/2019.

2. Here, the "Deed of Trust" recorded on and against my property as instrument number and Moreover, I do not know the names of the defendants, all persons unknown, claiming any legal or equitable right, title, estate, lien to my property described above and adverse to my title. So, these Does 1 to 100, inclusive and I therefore sue them by those fictitious names. I will as soon as possible amend the names, capacities and relationships of the afore-mentioned Does 1 to 100, inclusive.

3.      So, I have commenced the present litigation against all DEFENDANTS because they are asserting an interest adverse to me and my right to possess said property and to recover monies spent and for various causes of action. For example, the Defendants have endeavored to steal my deceased grandmother's property by falsifying real estate property documents which directly conflicts with my right to possess said property. (See Exhibit "B" the letter from me to Geraci Law Firm).

III

A. FIRST CAUSE OF ACTION QUIET TITLE/ADVERSE POSSESSION

4.      Plaintiff incorporates the above-mentioned allegations by reference as contained in the above-mentioned paragraphs numbered 1-3. I am the owner by adverse possession of my real property located at 1146 E. 58th Place, Los Angeles, California 90001

5.      Illustratively, I have been in open and physical possession of all of my property described above by actual, open, hostile, continuous and exclusive possession. Consistent with the above, my possession has been actual, hostile, open and exclusive since 2019 in excess of the 5 year period set forth in *California Code of Civil Procedure §§ 318, 319, 321-323* (hereinafter *C.C.P.*). Also, I have been in possession of the real property described above by virtue of the trust deed that was recorded on or before 2019. My possession has been uninterrupted and continuous and adverse to all defendants and all other persons. Also, I have made all improvements to said property. For all of my possession which is adverse to all defendants, I have paid all mortgage payments, taxes, and assessments that have been requested for my property listed above for over the five year period since 2019. (See Exhibit "C" there correspondence from Geraci Law Firm to me).

B. SECOND CAUSE OF ACTION FOR REAL ESTATE FRAUD, CALIFORNIA CIVIL CODE SECTION 2945.4

6.      Plaintiff incorporates the above-mentioned allegations by reference as contained in the above-mentioned paragraphs numbered 1-6. Here, all Defendants have illegally recorded documents against my property and resultantly, I have suffered financial losses and my property is now subject to a wrongful foreclosure. Now, these Defendant's are stealing money and

--

PLAINTIFF, LISA HANEY AGAINST CAPITAL DIRECT FUNDING, INC, PEAK FORECLOSURE SERVICES, INC., DAK PROPERTIES, LLC.::CALIFORNIA, WICKLAND FAMILY TRUST FOR  MONETARY DAMAGES AND EQUITABLE RELIEF
UNLIMITED CIVIL ACTION
AMOUNT DEMANDED:
$1,500,000.00

violating the laws.

7.     These acts have caused me substantial harm and importantly I am bereft of my personal finances-quite possibly the very home I lived in. Now her very legacy-her home- is being destroyed by the elder abuse by these two (all) .

C.THIRD  CAUSE OF ACTION – FOR AN INJUNCTION-(AGAINST ALL DEFENDANTS)

8.     Plaintiff realleges and incorporates by this reference as though fully set forth herein each and every allegation contained in paragraphs 1 through 21. On or before this date, all defendants have asserted an illegal right to foreclose on my property. All defendants promise to foreclose on Plaintiff's property to Plaintiff's great and irreparable injury, for which pecuniary compensation would not afford adequate relief because Plaintiff would have lost her home. All defendants threaten to resell the property to Plaintiff's great and irreparable injury, for which pecuniary compensation would not afford adequate relief because Plaintiff would have lost her home. Plaintiff seeks an injunction enjoining all Defendants from evicting Plaintiff and reselling the property during the pendency of this action.

D. FOURTH CAUSE OF ACTION FOR DECLARATORY RELIEF

9. Plaintiff re-alleges and incorporates this by reference as though fully set forth herein each and every allegation contained in paragraphs 1-9.

*California Code of Civil Procedure section 1060* states the following:

*"1060. Any person interested under a written instrument, excluding a will or a trust, or under a contract, or who desires a declaration of his or her rights or duties with respect to another, or in respect to, in, over or upon property, or with respect to the location of the natural channel of a watercourse, may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an original action or cross-complaint in the superior court for a declaration of his or her rights and duties in the premises, including a determination of any question of construction or validity arising under the instrument or contract. He or she may ask for a declaration of rights or duties, either alone or with other relief; and the court may make a binding declaration of these rights or duties, whether or not further relief is or could be claimed at the time.*
*The declaration may be either affirmative or negative in form and effect, and the declaration shall have the force of a final judgment. The declaration may be had before there has been any breach of the obligation in respect to which said declaration is sought."*

Prior to the filing of this complaint, Plaintiff alleges that an actual, continuing and on-going controversy has manifested itself concerning their rights, duties, and obligations, involving payments, disputes over the debt(s), debt collection tactics, debt collectors, legality of the debt(s) collection and identity theft.

--

PLAINTIFF, LISA HANEY AGAINST CAPITAL DIRECT FUNDING, INC, PEAK FORECLOSURE SERVICES, INC., DAK PROPERTIES, LLC.::CALIFORNIA, WICKLAND FAMILY TRUST FOR  MONETARY DAMAGES AND EQUITABLE RELIEF
UNLIMITED CIVIL ACTION
AMOUNT DEMANDED:
$1,500,000.00

Therefore, the ongoing and continuing controversy between all Defendants has caused

Plaintiff's injury and substantial damages.

### E. FIFTH CAUSE OF ACTION FOR CANCELALTION OF WRITTEN INSTRUMENT-THE DOCUMENT TITLED "DEED OF TRUST"

10. Plaintiff re-alleges and incorporates this by reference as though fully set forth herein each and every allegation contained in paragraphs 1-9.

11. The written instrument-"DOT" sought to be canceled in this cause of action was executed in the County of Los Angeles, State of California. Moreover, the real property is situated in the County of Los Angeles, State of California. (See Exhibit "A")

12. As stated above, the Grant Deed was falsely brokered by the Defendants.

a)     Defendant, Capital Direct funding forced my grandmother and myself under duress to sign documents that a) she and myself could not fathom, b) could not pursue, c) could not see let ALONE understand), she was and I am physic-ally and mentally ill and last, she was elderly and I entrusted, Royal Forcell broker who sent my grandmother, Lois A. Cobb and myself to Francisco Williams Sr. a.k.a. Frank Williams of Capital Direct Funding, Inc., also d.b.a. Direct Servicing Inc., who referred me to Attorney Ramon Lemalas, of Velasco Law Group and Broker Royal Forcell because he's the inception to the fraud of all this fraud and they all violated violated our trust, and all have negligently and contributed and caused the death of Lois A. Cobb.

b).     Therefore, the grant deed is void based on the illegal comportment by a) Defendant(s), Royal Forcell, Capital Direct Funding, Inc., Direct Servicing, Inc., DAK Properties, LLC.:: California, Peak Foreclosure Services, Inc., and Wickland Family Trust and the grant deed must be canceled.

### F.SIXTH CAUSE OF ACTION FOR ACCOUNTING

10. Plaintiff re-alleges and incorporates this by reference as though fully set forth herein each and every allegation contained in paragraphs 1-12.

11.     Plaintiff seeks an accounting of all funds; either received by all Defendants; either credited and posted to Plaintiff's account by all Defendants.

12. Plaintiff has not received any correspondence, bank statements, ledger(s) vis-à-vis Plaintiff's account.

### FIFTH CAUSE OF ACTION
### FOR WRONGFUL FORCLOSURE-(AGAINST FLAGSTAR BANK)
### (Against DEUTSCHE, EXECUTIVE, HOMECOMINGS and DOES 1 to 20)

13.     Plaintiff re-alleges and incorporates by this reference as though fully set forth herein each and every allegation contained in paragraphs 1 through 20. Plaintiff is informed and believes and thereon alleges that defendants breached their respective duties under Sections *§§2923 and 2924, et seq. of the California Civil Code* in that they:

(a).     *Failed to credit and properly apply one or more and all of plaintiff's monthly*

--

PLAINTIFF, LISA HANEY AGAINST CAPITAL DIRECT FUNDING, INC, PEAK FORECLOSURE SERVICES, INC., DAK PROPERTIES, LLC.::CALIFORNIA, WICKLAND FAMILY TRUST FOR MONETARY DAMAGES AND EQUITABLE RELIEF
UNLIMITED CIVIL ACTION
AMOUNT DEMANDED:
$1,500,000.00

*payments to the mortgage account in accordance with the terms of the promissory note and deed of trust*, causing the account to appear delinquent and proximately resulting in the premature and otherwise improper commencement of non-judicial foreclosure; specifically, Capital Direct Funding Inc., Direct Servicing, Inc., Peak Foreclosure Services Inc Dakproperties, LLC::California Wickland Family Trust (i) advanced monies for a supplemental tax bill with knowledge that said bill was on appeal and charged the same to plaintiff's mortgage account before the bill was overturned, and (ii) charged to plaintiff's account approximately $3,500 for force-placed insurance even though plaintiff had in effect during the relevant period his own homeowner's insurance policy;

(b).     Improperly, charged to plaintiff's mortgage account excessive and illegitimate trustee's fees, attorney's fees, and other legal and administrative fees that constituted unlawful liquidated damages under the promissory note and deed of trust and were otherwise prohibited by *Sections 2924c, 2924d*, and related sections of the *Civil Code;*

(c).     Failed to comply with the statutory requirements of a valid notice of default, to wit, they (i) failed to engage or attempt to engage plaintiff in financial counseling prior to the recording of the notice of default, (ii) failed to properly record and serve on plaintiff a written notice of default, and (iii) failed to state in the notice of default the amount actually required to reinstate the loan; and

(d).     Failed to comply with the statutory requirements of a valid notice of trustee sale, to wit, they (i) failed to properly record, publish, or post on the Property and serve on plaintiff notice of the sale in compliance with Section 2924f, and (ii) failed to include in the notice of sale an accurate statement of the total amount of the unpaid balance of the obligation secured by the Property to be sold and reasonably estimated costs, expenses, and advances at the time of the initial publication of the notice of sale.

(e)     Failed to properly record and/or notice a statutorily mandated Notice of Default (NOD)

(f)     Failed to comply with all requirements of the *Deed of Trust (DO*T) and with the mandatory requirements as outlined in *§§2923 and 2924, et seq. of the California*

--

PLAINTIFF, LISA HANEY AGAINST CAPITAL DIRECT FUNDING, INC, PEAK FORECLOSURE SERVICES, INC., DAK PROPERTIES, LLC.::CALIFORNIA, WICKLAND FAMILY TRUST FOR  MONETARY DAMAGES AND EQUITABLE RELIEF UNLIMITED CIVIL ACTION AMOUNT DEMANDED: $1,500,000.00

*Civil Code*

(g)      In October 2019, and later (see above), Plaintiff and Capital Direct Funding Inc.,
Direct Serving, Inc., Peak Foreclosure Services Inc.,  DAK Properties LLC::California and
Wickland Family Trust never mutually agreed, orally and in writing, to modify the subject loan
and avoid foreclosure.  Said agreement was in effect and binding upon Plaintiff,  Capital Direct
Funding Inc., Direct Serving Inc.,  Peak Foreclosure Services Inc.,  DAK Properties LLC and its
agents at the time of the sale of the subject property. was responsible for keeping the trustee
apprised of any developments pertinent to the validity or necessity of a foreclosure sale,
including the fact or prospect of any agreement between Capital Direct Funding Inc., Peak
Foreclosure Services Inc., Direct Servicing, Inc., DAK Properties LLC.::California, Wickland
Family Trust  and Plaintiff to reinstate the loan and avoid a foreclosure sale. Despite its
agreement with Plaintiff,  Capital Direct Funding, Inc., Peak Foreclosure Services Inc., DAK
Properties LLC::California by and through its agents, attempted to sell the subject property on
beginning 8/19/2021- current sale date schedule 12/10/2021. Plaintiff's injuries, including the
loss of his home, will be the proximate result of RI Capital Direct Funding Inc., Peak
Foreclosure Services Inc.  DAK Properties LL::California and Wickland Family Trust  unlawful
foreclosure.

        (h)  Failed by Capital Direct Funding INC., Direct Serving, Inc., Peak Foreclosure
Services Inc., Dak Properties llc, Wickland Family Trust  to comply with the requirements of the
federal ***HAMP and the loan modification*** program since September 2015.

14.      Plaintiff incorporates by reference paragraphs 1 through 13 as though fully set
forth below.

15.      Plaintiff is informed and believes and thereon alleges that defendants breached
their respective duties under Sections 2923 et seq. of the California Civil Code in that they:

(a).      Repeatedly refused and failed to respond to plaintiff's telephonic and written
inquires about the amount owed under the note and the amount required to
reinstate the loan;

(b).      Repeatedly misrepresented orally and in writing the amount owed under the
subject note and the amount required to reinstate the loan;

(c).      Failed to credit and properly apply one or more of plaintiff's monthly payments to

--

PLAINTIFF, LISA HANEY AGAINST CAPITAL DIRECT FUNDING, INC, PEAK
FORECLOSURE SERVICES, INC., DAK PROPERTIES, LLC.::CALIFORNIA, WICKLAND
FAMILY TRUST FOR  MONETARY DAMAGES AND EQUITABLE RELIEF
UNLIMITED CIVIL ACTION
AMOUNT DEMANDED:
$1,500,000.00

the mortgage account in accordance with the terms of the promissory note and deed of trust, causing the account to appear delinquent and proximately resulting in the improper filing of a notice of default and notice of trustee sale;

(d).    Refused and otherwise failed to credit and properly apply to plaintiff's mortgage account plaintiff's tender of the funds required to reinstate the subject loan at least five business days before the trustee sale;

(e).    Charged to plaintiff's mortgage account excessive and illegitimate trustee's fees, attorney's fees, and other legal and administrative fees that constituted unlawful liquidated damages under the promissory note and deed of trust and were otherwise prohibited by Sections 2924c, 2924d and related sections of the Civil Code;

(f).    Failed to comply with the statutory requirements of a valid notice of default, to wit, they (ii) failed to include in the notice of default a statement accurately setting forth the nature of each breach under the promissory note and deed of trust; (ii) failed to properly record and serve on plaintiff written notice of default; and (iii) failed to state in the notice of default the amount actually required to reinstate the loan;

(g).    Failed to comply with the statutory requirements of a valid notice of trustee sale, to wit, they (i) failed to properly record, publish, post on the Property and serve on plaintiff notice of the sale (Section 2924f); (ii) noticed the trustee sale prematurely under Section and 2924 of the Civil Code; and (iii) failed to include in the notice of sale an accurate statement of the total amount of the unpaid balance of the obligation secured by the Property to be sold and reasonably estimated costs, expenses, and advances at the time of the initial publication of the notice of sale;

(h).    Breached an oral and written agreement(s) with plaintiff to reinstate the loan and avoid the trustee sale in contravention of Section 2924g of the Civil Code; and

--

PLAINTIFF, LISA HANEY AGAINST CAPITAL DIRECT FUNDING, INC, PEAK FORECLOSURE SERVICES, INC., DAK PROPERTIES, LLC.::CALIFORNIA, WICKLAND FAMILY TRUST FOR  MONETARY DAMAGES AND EQUITABLE RELIEF UNLIMITED CIVIL ACTION
AMOUNT DEMANDED:
$1,500,000.00

    (i).    Sold the Property despite having waived its right to foreclose by accepting payments after initiating non-judicial foreclosure;

16. As the proximate result of defendants' conduct, plaintiff was unable to reinstate the subject loan or redeem the Property, and, having lost the Property to foreclosure, has suffered economic and non-economic damages to be proved at trial. FIRST CAUSE OF ACTION

[Wrongful trustee sale: all defendants]

17 .Plaintiffs are the owners of the real property at 1146 E. 58th Place, Los Angeles, California 90001. Said property is identified as Assessors 6008-003-020 Brief description SCHERER & GILBREATH'S WHITMORE PARK LOT 46 BLK B Subdivision SCHERER & GILBREATHS WHITMORE
Tract number Block B Section Lot 46
Unit Latitude 33.988541 Longitude 118.254501

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

CAPITAL DIRECT FUNDING. INC., DAK PROPERTIES, LLC.: CALIFORNIA, WICKLAND FAMILY TRUST, PEAK FORECLOSURE SERVICES, INC. BANK, N.A., FIRST AMERICAN TRUSTEE SERVICING

SOLUTIONS LLC, AND DOES 1-100  PARCEL Number 097760 021 and by the legal description:

LOT 46 AS SHOWN ON MAP OF SUBDIVISION 8448,

FILED  IN BOOK 15 OF MAPS, PAGE 61, LOS ANGELES

COUNTY  RECORDS  [subject property]

18.Defendant, CAPITAL DIRECT FUNDING. INC., DIRECT SERVICING, INC., DAK PROPERTIES, LLC.: CALIFORNIA, WICKLAND FAMILY TRUST, PEAK FORECLOSURE SERVICES, INC., claims to be the

owner of the subject property, by virtue of a Trustee's Deed after Sale signed by

--

PLAINTIFF, LISA HANEY AGAINST CAPITAL DIRECT FUNDING, INC, PEAK FORECLOSURE SERVICES, INC., DAK PROPERTIES, LLC.::CALIFORNIA, WICKLAND FAMILY TRUST FOR  MONETARY DAMAGES AND EQUITABLE RELIEF
UNLIMITED CIVIL ACTION
AMOUNT DEMANDED:
$1,500,000.00

First American Trustee Servicing Solutions LLC and recorded in the office of the

Los Angeles County as Document on November  2019.

> 19.      CAPITAL   DIRECT   FUNDING.   INC.,   DAK
> PROPERTIES,LLC.::CALIFORNIA,          DIRECT
> SERVICING, INC. and WICKLAND FAMILY TRUST,
> PEAK   FORECLOSURE   SERVICES,   INC.   BANK
> [CAPITAL DIRECT FUNDING. INC., DAK PROPERTIES,
> LLC.: CALIFORNIA, WICKLAND FAMILY TRUST,
> PEAK FORECLOSURE SERVICES, INC.]

> is a
> national bank that does business in California. CAPITAL
> DIRECT FUNDING. INC., DAK PROPERTIES, LLC.:
> CALIFORNIA, WICKLAND FAMILY TRUST, PEAK
> FORECLOSURE SERVICES, INC. made the loan which is
> the subject of this lawsuit and was the foreclosing
> beneficiary. CAPITAL DIRECT FUNDING. INC.,  and
> DIRECT SERVICING, INC a subsidiary of the FAMILY
> COMPANIES  promptly sold the loan to an unidentified
> entity and is currently the servicer of the loan.

> 20.Plaintiffs do not know the true names and capacities,

whether corporate, associate, or individual, of defendants sued herein as DOE 1

through DOE 100 and, for that reason, has sued said defendants by such fictitious

names, and plaintiffs pray leave to insert the true names and.capacities of said

defendants when the same are ascertained. Plaintiffs are informed and believes,

and thereon alleges, that each of the defendants designated herein as DOE 1-100 is

negligently or otherwise responsible in some manner for the events and happenings

--

PLAINTIFF, LISA HANEY AGAINST CAPITAL DIRECT FUNDING, INC, PEAK
FORECLOSURE SERVICES, INC., DAK PROPERTIES, LLC.::CALIFORNIA, WICKLAND
FAMILY TRUST FOR  MONETARY DAMAGES AND EQUITABLE RELIEF
UNLIMITED CIVIL ACTION
AMOUNT DEMANDED:
$1,500,000.00

referred to and by such negligence has proximately caused the wrongful injuries of the plaintiff as herein alleged. The defendants designated as DOE 1-100 claim some interest in the subject property which is adverse to plaintiffs and said claims are invalid.

21. In order to secure payment of principal and interest for a loan on the subject property, plaintiffs executed the Deed of Trust which was recorded with the Contra Costa Recorder. Plaintiffs ask that the Court take judicial notice of this deed of trust and its contents. Said security instrument was prepared by CAPITAL DIRECT FUNDING. INC., DIRECT SERVICING, INC., DAK PROPERTIES, LLC.: CALIFORNIA, WICKLAND FAMILY TRUST, PEAK FORECLOSURE SERVICES, INC. agreed to all the terms in said deed of trust

22.CAPITAL DIRECT FUNDING. INC., DIRECT SERVING INC., DAK PROPERTIES, LLC.: CALIFORNIA, WICKLAND FAMILY TRUST, PEAK FORECLOSURE SERVICES, INC. caused a Notice of Default, Notice of Trustee Sale

and Trustee Deed to be recorded against the subject property contrary to the provisions of the Deed of Trust. In particular, Paragraph 9 of the Deed of trust explicitly required CAPITAL DIRECT FUNDING. INC., DAK PROPERTIES, LLC.: CALIFORNIA, WICKLAND FAMILY TRUST, PEAK FORECLOSURE SERVICES, INC. and its Trustee to comply with the provisions of the

National Housing Act [11 U.S.C. §1701 et seq and implementing regulations]. The regulations referenced in paragraph 9(d) of the Deed of Trust state explicitly:

It is the intent of the Department that no mortgagee shall commence foreclosure or acquire title until the requirements of this subpart have been followed.

--

PLAINTIFF, LISA HANEY AGAINST CAPITAL DIRECT FUNDING, INC, PEAK FORECLOSURE SERVICES, INC., DAK PROPERTIES, LLC.::CALIFORNIA, WICKLAND FAMILY TRUST FOR  MONETARY DAMAGES AND EQUITABLE RELIEF
UNLIMITED CIVIL ACTION
AMOUNT DEMANDED:
$1,500,000.00

[24 CFR §203.500] (emphasis added)

CAPITAL DIRECT FUNDING. INC., DIRECT SERVING INC., DAK PROPERTIES, LLC.: CALIFORNIA, WICKLAND FAMILY TRUST, PEAK FORECLOSURE SERVICES, INC. secured its Trustee Deed after Sale without complying with the

requirements of the National Housing Act or of the Federal Fair Debt Collection

Practices Act [FDCPA, 15 U.S.C. §1692].

                  23. In particular, CAPITAL DIRECT FUNDING. INC., DAK PROPERTIES, LLC.: CALIFORNIA, WICKLAND FAMILY TRUST, PEAK FORECLOSURE SERVICES, INC. failed to engage in any of the

required loss mitigation rules required by the National Housing Act. Plaintiffs paid

a substantial fee when the loan was originated for the privilege of securing the

protections of 12 U.S.C. §1715u and the implementing regulations. Among these

protections are the requirement that CAPITAL DIRECT FUNDING. INC., DAK PROPERTIES, LLC.: CALIFORNIA, WICKLAND FAMILY TRUST, PEAK FORECLOSURE SERVICES, INC. meet with plaintiffs on a face to

face basis to discuss alternatives to foreclosure and modifications of the subject

loan. Also, CAPITAL DIRECT FUNDING. INC., DAK PROPERTIES, LLC.: CALIFORNIA, WICKLAND FAMILY TRUST, PEAK FORECLOSURE SERVICES, INC. was required to secure the approval of the Secretary of

Housing and Urban Development prior to commencing any foreclosure

proceedings. In addition CAPITAL DIRECT FUNDING. INC., DIRECT SERVING INC., DAK PROPERTIES, LLC.: CALIFORNIA, WICKLAND FAMILY TRUST, PEAK FORECLOSURE SERVICES, INC. was required to accept modifications to the

loan pursuant to the HAMP program. CAPITAL DIRECT FUNDING. INC.,

--

DIRECT SERVING INC., DAK PROPERTIES, LLC.: CALIFORNIA, WICKLAND FAMILY TRUST, PEAK FORECLOSURE SERVICES, INC. breached all these obligations, and all the other requirements of law by prematurely foreclosing on the subject property. to secure the required HUDfailed to meet with plaintiffs, failed to explore alternatives to foreclosure and failed to accept plaintiffs into the HAMP program as required by law and the deed of trust.

24. In addition, CAPITAL DIRECT FUNDING. INC., DIRECT SERVING INC., DAK PROPERTIES, LLC.: CALIFORNIA, WICKLAND FAMILY TRUST, and PEAK FORECLOSURE SERVICES, INC., its collection agent breached their obligations in paragraph 18 of the deed of trust. This paragraph incorporates Chapter 38A of the National Housing Act. This Chapter required the non-judicial trustee sale to be conducted pursuant to the federal requirements, and by a Foreclosure Commissioner. In fact no Foreclosure Commissioner was appointed, contrary to the provisions of the deed of trust and National Housing Act.

25. In addition, First American Trustee Servicing Solutions LLC

[PEAK FORECLOSURE SERVICES, INC.] was employed by CAPITAL DIRECT FUNDING. INC., DAK PROPERTIES, LLC.:CALIFORNIA and WICKLAND FAMILY TRUST as a debt collector after plaintiffs defaulted on their loan payment. PEAK FORECLOSURE SERVICES, INC. failed to provide plaintiffs the Debt Validation Notice required by the FDCPA. First American also engaged in unfair debt collection practices by proceeding to sell the subject property with actual knowledge that plaintiffs were being denied the protections which are summarized in paragraph 9 of the Deed of Trust.

26.     The Trustee Sale was being improperly held and the Trustee's Deed after Sale was wrongfully executed, delivered and recorded. In particular, the trustee sale is being held in violation of paragraph 9 of the Deed of Trust and contrary to the FDCPA. Plaintiff is entitled to remain in possession of said property and will sustain irreparable damages if forced to vacate the property. plaintiff(s) live on their social security benefits. In addition, although Lisa Haney is 53 years old and She continues to work for UBER part-time as a driver from time

--

PLAINTIFF, LISA HANEY AGAINST CAPITAL DIRECT FUNDING, INC, PEAK FORECLOSURE SERVICES, INC., DAK PROPERTIES, LLC.::CALIFORNIA, WICKLAND FAMILY TRUST FOR MONETARY DAMAGES AND EQUITABLE RELIEF
UNLIMITED CIVIL ACTION
AMOUNT DEMANDED:
$1,500,000.00

to time. CAPITAL DIRECT FUNDING. INC., DIRECT SERVICING, INC., DAK PROPERTIES, LLC.: CALIFORNIA, WICKLAND FAMILY TRUST, PEAK FORECLOSURE SERVICES, INC. has threatened to evict plaintiffs and filed an unlawful detainer action in this Court.

27.   Plaintiffs are entitled to an order permitting them to reside in the subject property during the pendency of this litigation. In addition, they are entitled to the cancellation of the Trustee's Deed after Sale and damages for the breach of the FDCPA. Plaintiffs are entitled to this relief pursuant to the Consent Judgment filed in the Superior Court County of Los Angeles US District as Civil Action on August 18, 2021.

## SECOND CAUSE OF ACTION
[Cancellation of Trustees Deed based on Consent Judgment-- Against CAPITAL DIRECT FUNDING. INC., DAK PROPERTIES, LLC.: CALIFORNIA, WICKLAND FAMILY TRUST, PEAK FORECLOSURE SERVICES, INC.]

28.   Plaintiffs incorporate by reference all the allegations in paragraphs 1 through  11 as if set forth in full.

29. Plaintiffs seek to quiet title against the claims of Capital Direct Funding, Inc., Direct Servicing, DAK Properties, LLC.::California, Wickland Family Trust and Peak Foreclosure Services, Inc. as reflected in the Trustee Deed after Sale. Plaintiffs acknowledge Capital Direct Funding, Inc.,  as their lender, pursuant to the Deed of Trust. Plaintiffs are ready, willing and able to make the payments required of them pursuant to this Deed of Trust, as appropriately modified pursuant to the Consent Judgment. The amount of these payments must be as set forth in the RAMP program and the related programs for which plaintiffs are intended as third party creditor beneficiaries by virtue of the Consent Judgment. Plaintiffs believe that the doctrine of Judicial Estoppel prevent

--

PLAINTIFF, LISA HANEY AGAINST CAPITAL DIRECT FUNDING, INC, PEAK FORECLOSURE SERVICES, INC., DAK PROPERTIES, LLC.::CALIFORNIA, WICKLAND FAMILY TRUST FOR  MONETARY DAMAGES AND EQUITABLE RELIEF
UNLIMITED CIVIL ACTION
AMOUNT DEMANDED:
$1,500,000.00

CAPITAL DIRECT FUNDING. INC., DAK PROPERTIES, LLC.: CALIFORNIA, WICKLAND FAMILY TRUST, PEAK FORECLOSURE SERVICES, INC.

from taking a position in this Court which differs from the position taken in the Consent Judgment.

30.     Plaintiffs have named as defendants all persons unknown who claim any legal or equitable interest in the subject property. Said persons are designated ads DOES 1-100.

31.     Plaintiffs desire and are entitled to a judicial declaration quieting title in their names, subject to the Deed of Trust in favor of CAPITAL DIRECT FUNDING. INC., DAK PROPERTIES, LLC.: CALIFORNIA, WICKLAND FAMILY TRUST, PEAK FORECLOSURE SERVICES, INC. as of June 13, 2019. The Trustee Deed which First American recorded on June 11, 2019 should be canceled.

32.     Plaintiffs are entitled to an accounting to determine the

amount due under the Deed of Trust, as well as the appropriate payment schedule,

monthly payments due to CAPITAL DIRECT FUNDING. INC., DIRECT SERVICING, INC., DAK PROPERTIES, LLC.: CALIFORNIA, WICKLAND FAMILY TRUST, PEAK FORECLOSURE SERVICES, INC. as provided in the Consent Judgment.

Plaintiffs are ready, willing, and able to make all their required payments on the

loan as modified pursuant to the terms provide of the validation notice dated Feburary 2021 and May 2021

33.     Plaintiffs have named as defendants all persons unknown

who claim any legal or equitable interest in the subject property. Said persons are

designated ads DOES 1-100.

--

PLAINTIFF, LISA HANEY AGAINST CAPITAL DIRECT FUNDING, INC, PEAK FORECLOSURE SERVICES, INC., DAK PROPERTIES, LLC.::CALIFORNIA, WICKLAND FAMILY TRUST FOR  MONETARY DAMAGES AND EQUITABLE RELIEF
UNLIMITED CIVIL ACTION
AMOUNT DEMANDED:
$1,500,000.00

34. Plaintiffs desire and are entitled to a judicial declaration quieting title in their names, subject to the Deed of Trust in favor of CAPITAL DIRECT FUNDING. INC., DIRECT SERVICING INC., DAK PROPERTIES, LLC.: CALIFORNIA, WICKLAND FAMILY TRUST, PEAK FORECLOSURE SERVICES, INC. as of June 13, 2019. The Trustee Deed which First American recorded on June 11, 2018 should be canceled.

35. Plaintiffs are entitled to an accounting to determine the amount due under the Deed of Trust, as well as the appropriate payment schedule, monthly payments allegedly due to CAPITAL DIRECT FUNDING. INC., DIRECT SERVICING, INC., DAK PROPERTIES, LLC.::CALIFORNIA, WICKLAND FAMILY TRUST and PEAK FORECLOSURE SERVICES, INC. as provided in the Billing Error Notice and Request for Debt Validation March 2021 and May 2021 and all other notices sent ready, willing, and able to make all their required payments on the loan if the debt can be verified. To date per the request on those afore mentioned dates no defendant has not provided a accounting, validated any and all debt(s) claiming nor validated or proven to be the original creditor as requested.

1. For injunctive relief, pendente lite, permitting them to remain in possession of the subject property on such terms as the Court deems just and proper.

2. For an order canceling the Trustee Deed after Sale and quieting title in the names of Plaintiffs, subject to the Deed of Trust in favor of CAPITAL DIRECT FUNDING. INC., DIRECT SERVICING INC., DAK PROPERTIES, LLC.: CALIFORNIA, WICKLAND FAMILY TRUST, PEAK FORECLOSURE SERVICES, INC. or Plaintiffs have named as defendants all persons unknown who claim any legal or equitable interest in the subject property. Said persons are designated as DOES 1-100. Plaintiffs desire and are entitled to a judicial declaration quieting title in their names, subject to the Deed of Trust in favor of CAPITAL DIRECT FUNDING. INC., DIRECT SERVICING, INC., DAK PROPERTIES, LLC.: CALIFORNIA, WICKLAND FAMILY TRUST, PEAK FORECLOSURE SERVICES, INC. as of June 13, 2011. The Trustee Deed

--

which First American recorded on June 11, 2019 should be canceled. Plaintiffs are entitled to an accounting to determine the amount due under the Deed of Trust(s), as well as the appropriate payment schedule, monthly payments due to CAPITAL DIRECT FUNDING. INC., DAK PROPERTIES, LLC.: CALIFORNIA, WICKLAND FAMILY TRUST, PEAK FORECLOSURE SERVICES, INC. as provided in the Consent Judgment. Plaintiffs are ready, willing, and able to make all their required payments on the loan as modified pursuant to the terms provided in the Consent of a Proclamation of Adversary complaint (See attached)( whereas Plaintiff demands from LISA HANEY

Judgment
Defendants sued herein as DOE 1 through DOES 100 and, for that reason, has sued said defendants by such fictitious names, and plaintiffs pray leave to insert the true names and capacities of said defendants when the same are ascertained. Plaintiffs are informed and believes, and thereon alleges, that each

[Wrongful trustee]

### FIRST CAUSE OF ACTION

1.Plaintiffs are property at 1146 E. 58th Place, Los

Angeles, California 90001. Said property is identified as

Assessor's Parcel Number 6008-003-020 and by the legal description:

LOT 48 AS SHOWN ON MAP OF SUBDIVISION 8448, FILED AUGUST 25 2006 IN BOOK 494 OF MAPS, PAGE 27, LOS ANGELES COUNTY

RECORDS [subject property]

--

PLAINTIFF, LISA HANEY AGAINST CAPITAL DIRECT FUNDING, INC, PEAK FORECLOSURE SERVICES, INC., DAK PROPERTIES, LLC.::CALIFORNIA, WICKLAND FAMILY TRUST FOR MONETARY DAMAGES AND EQUITABLE RELIEF UNLIMITED CIVIL ACTION
AMOUNT DEMANDED:
$1,500,000.00

2. Defendants, CAPITAL DIRECT FUNDING, INC.,  DAK
PROPERTIES, LLC.::CALIFORNIA, WICKLAND FAMILY TRUST, DIRECT
SERVICING, INC. and PEAK FORECLOSURE SERVICES,INC (Does 1-
100) claims to be the owner of the subject property, by
virtue of a Trustee's Deed after Sale signed by First
American Trustee Servicing Solutions LLC and recorded in the
office of the LOS ANGELES COUNTY Recorder as Document  on Nov
2019.

3. Defendants, CAPITAL DIRECT FUNDING, INC.,  DAK
PROPERTIES, LLC.::CALIFORNIA, WICKLAND FAMILY TRUST DIRECT
SERVICING, INC. and PEAK FORECLOSURE SERVICES,INC (Does 1-
100) is a national bank that does business in California.
that alleges to have made the loan.  Defendants, CAPITAL
DIRECT FUNDING, INC.,  DAK PROPERTIES, LLC.::CALIFORNIA,
WICKLAND FAMILY TRUST DIRECT SERVICING, INC. and PEAK
FORECLOSURE SERVICES,INC (Does 1-100)an which is the subject
of this lawsuit and was the foreclosing beneficiary.
promptly Defendants, CAPITAL DIRECT FUNDING, INC.,  DAK
PROPERTIES, LLC.::CALIFORNIA, WICKLAND FAMILY TRUST DIRECT

--

PLAINTIFF, LISA HANEY AGAINST CAPITAL DIRECT FUNDING, INC, PEAK
FORECLOSURE SERVICES, INC., DAK PROPERTIES, LLC.::CALIFORNIA, WICKLAND
FAMILY TRUST FOR  MONETARY DAMAGES AND EQUITABLE RELIEF
UNLIMITED CIVIL ACTION
AMOUNT DEMANDED:
$1,500,000.00

SERVICING, INC. and PEAK FORECLOSURE SERVICES,INC (Does 1-100) sold the loan to an unidentified entity and is currently the servicer of the loan.

   4. Plaintiffs do not know the true names and capacities, whether corporate, associate, or individual, of defendants sued herein as DOE 1 through DOE 25 and, for that reason, has sued said defendants by such fictitious names, and plaintiffs pray leave to insert the true names and

---

PLAINTIFF, LISA HANEY AGAINST CAPITAL DIRECT FUNDING, INC, PEAK FORECLOSURE SERVICES, INC., DAK PROPERTIES, LLC.::CALIFORNIA, WICKLAND FAMILY TRUST FOR  MONETARY DAMAGES AND EQUITABLE RELIEF
UNLIMITED CIVIL ACTION
AMOUNT DEMANDED:
$1,500,000.00

PLAINTIFF, LISA HANEY AGAINST CAPITAL DIRECT FUNDING, INC, PEAK
FORECLOSURE SERVICES, INC., DAK PROPERTIES, LLC.::CALIFORNIA, WICKLAND
FAMILY TRUST FOR  MONETARY DAMAGES AND EQUITABLE RELIEF
UNLIMITED CIVIL ACTION
AMOUNT DEMANDED:
$1,500,000.00

capacities of said defendants when the same are ascertained.
Plaintiffs are informed and believes, and thereon alleges,
that each of the defendants designated herein as DOE 1-15 is
negligently or otherwise responsible in some manner for the
events and happenings referred to and by such negligence has
proximately caused the wrongful injuries of the plaintiff as
herein alleged. The defendants designated as DOE 1625 claim
some interest in the subject property which is adverse to
plaintiffs and said claims are invali  5.In order to secure
payment of principal and interest for a loan on the subject
property, plaintiffs executed the Deed of Trust which was
recorded with the Los Angeles County Recorder. Plaintiffs ask
that the Court take judicial notice of this deed of trust and
its contents. Said security instrument was prepared by
Defendants, CAPITAL DIRECT FUNDING, INC.,  DAK PROPERTIES,
LLC.::CALIFORNIA, WICKLAND FAMILY TRUST DIRECT SERVICING, INC.
and PEAK FORECLOSURE SERVICES,INC (Does 1-100)and Defendants,
CAPITAL DIRECT FUNDING, INC.,  DAK PROPERTIES,
LLC.::CALIFORNIA, WICKLAND FAMILY TRUST DIRECT SERVICING, INC.
and PEAK FORECLOSURE SERVICES,INC (Does 1-100) agreed to all
the terms in said deed of trust.Defendants, CAPITAL DIRECT
FUNDING, INC.,  DAK PROPERTIES, LLC.::CALIFORNIA, WICKLAND
FAMILY TRUST DIRECT SERVICING, INC. and PEAK FORECLOSURE
SERVICES,INC (Does 1-100) caused a Notice of Default, Notice
of Trustee Sale and Trustee Deed to be recorded against the
subject property contrary to the provisions of the and

--

PLAINTIFF, LISA HANEY AGAINST CAPITAL DIRECT FUNDING, INC, PEAK
FORECLOSURE SERVICES, INC., DAK PROPERTIES, LLC.::CALIFORNIA, WICKLAND
FAMILY TRUST FOR  MONETARY DAMAGES AND EQUITABLE RELIEF
UNLIMITED CIVIL ACTION
AMOUNT DEMANDED:
$1,500,000.00

capacities of said defendants when the same are ascertained. Plaintiffs are informed and believes, and thereon alleges, that each of the defendants designated herein as DOE 1-15 is negligently or otherwise responsible in some manner for the events and happenings referred to and by such negligence has proximately caused the wrongful injuries of the plaintiff as herein alleged. All defendants claim some interest in the subject property which is adverse to plaintiffs and said claims are invalid5. In order to secure payment of principal and interest for a loan on the subject property, plaintiffs executed the Deed of Trust which was recorded with the Contra Costa Recorder. Plaintiffs ask that the Court take judicial notice of this deed of trust and its contents. Said security instrument was prepared by Defendants, CAPITAL DIRECT FUNDING, INC., DAK PROPERTIES, LLC.::CALIFORNIA, WICKLAND FAMILY TRUST DIRECT SERVICING, INC. and PEAK FORECLOSURE SERVICES,INC (Does 1-100)and Defendants, CAPITAL DIRECT FUNDING, INC., DAK PROPERTIES, LLC.::CALIFORNIA, WICKLAND FAMILY TRUST DIRECT SERVICING, INC. and PEAK FORECLOSURE SERVICES,INC (Does 1-100) agreed to all the terms in said deed of trust.


Defendants, CAPITAL DIRECT FUNDING, INC., DAK PROPERTIES, LLC.::CALIFORNIA, WICKLAND FAMILY TRUST DIRECT SERVICING, INC. and PEAK FORECLOSURE SERVICES,INC (Does 1-100) caused a Notice of Default, Notice of Trustee Sale and Trustee Deed to be recorded against the subject property contrary to the provisions of the Deed of Trust.

F

5.   In particular, Paragraph 9 of the Deed of trust

explicitly required CAPTIAL DIRECT FUNDING, INC., DAK

---

PLAINTIFF, LISA HANEY AGAINST CAPITAL DIRECT FUNDING, INC, PEAK FORECLOSURE SERVICES, INC., DAK PROPERTIES, LLC.::CALIFORNIA, WICKLAND FAMILY TRUST FOR  MONETARY DAMAGES AND EQUITABLE RELIEF
UNLIMITED CIVIL ACTION
AMOUNT DEMANDED:
$1,500,000.00

PROPERTIES, LLC.::CALIFORNIA,PEAK FORECLOSURE

SERVICES, INC. WICKLAND FAMILY TRUST or DIRECT SERVICING,

INC and DOES 1-100 and its Trustee to comply with the

provisions of the National Housing Act [11 U.S.C. §1701 et

seq and implementing regulations]. The regulations

referenced in paragraph 9(d) of the Deed of Trust state

explicitly:

> It is the intent of the Department that
> no mortgagee shall commence foreclosure
> **or acquire title** until the requirements
> of this subpart have been followed.
> [24 CFR §203.500] (emphasis added

Defendants, CAPITAL DIRECT FUNDING, INC.,  DAK PROPERTIES,

LLC.::CALIFORNIA, WICKLAND FAMILY TRUST DIRECT SERVICING,

INC. and PEAK FORECLOSURE SERVICES,INC (Does 1-100)secured

its Trustee Deed after Sale without complying with the

requirements of the National Housing Act or of the Federal

Fair Debt Collection Practices Act [FDCPA, 15 U.S.C. §1692].

7.In particular, Defendants, CAPITAL DIRECT FUNDING, INC.,

DAK PROPERTIES, LLC.::CALIFORNIA, WICKLAND FAMILY TRUST

DIRECT SERVICING, INC. and PEAK FORECLOSURE SERVICES,INC

(Does 1-100) failed to engage in any of the required loss

PLAINTIFF, LISA HANEY AGAINST CAPITAL DIRECT FUNDING, INC, PEAK
FORECLOSURE SERVICES, INC., DAK PROPERTIES, LLC.::CALIFORNIA, WICKLAND
FAMILY TRUST FOR  MONETARY DAMAGES AND EQUITABLE RELIEF
UNLIMITED CIVIL ACTION
AMOUNT DEMANDED:
$1,500,000.00

mitigation rules required by the National Housing Act.
Plaintiffs paid a substantial fee when the alleged loan(s)
was originated for the privilege of securing the protections
of 12 U.S.C. §1715u and the implementing regulations. Among
these protections are the requirement that CAPITAL DIRECT
FUNDING, INC.,  DAK PROPERTIES, LLC.::CALIFORNIA, WICKLAND
FAMILY TRUST DIRECT SERVICING, INC. and PEAK FORECLOSURE
SERVICES,INC (Does 1-100) meet with plaintiffs on a face to
face basis to discuss alternatives to the requirement that
Defendants, CAPITAL DIRECT FUNDING, INC.,  DAK PROPERTIES,
LLC.::CALIFORNIA, WICKLAND FAMILY TRUST DIRECT SERVICING,
INC. and PEAK FORECLOSURE SERVICES,INC (Does 1-100) meet with
plaintiffs on a face to face basis to discuss alternatives to
foreclosure and modifications of the subject loan.They all
did not do so.  Also Defendants, CAPITAL DIRECT FUNDING,
INC.,  DAK PROPERTIES, LLC.::CALIFORNIA, WICKLAND FAMILY
TRUST DIRECT SERVICING, INC. and PEAK FORECLOSURE
SERVICES,INC (Does 1-100) was required to secure the approval
of the Secretary of Housing and Urban Development prior to

--

PLAINTIFF, LISA HANEY AGAINST CAPITAL DIRECT FUNDING, INC, PEAK
FORECLOSURE SERVICES, INC., DAK PROPERTIES, LLC.::CALIFORNIA, WICKLAND
FAMILY TRUST FOR  MONETARY DAMAGES AND EQUITABLE RELIEF
UNLIMITED CIVIL ACTION
AMOUNT DEMANDED:
$1,500,000.00

commencing any foreclosure proceedings. In addition

Defendants, CAPITAL DIRECT FUNDING, INC.,  DAK PROPERTIES,

LLC.::CALIFORNIA, WICKLAND FAMILY TRUST DIRECT SERVICING,

INC. and PEAK FORECLOSURE SERVICES,INC (Does 1-100)was

required to accept modifications to the loan pursuant to the

HAMP program.

Defendants, CAPITAL DIRECT FUNDING, INC.,  DAK PROPERTIES,
LLC.::CALIFORNIA, WICKLAND FAMILY TRUST DIRECT SERVICING, INC.
and PEAK FORECLOSURE SERVICES,INC (Does 1-100) breached all
these obligations, and all the other requirements of law by
prematurely foreclosing on the subject property.Defendants,
CAPITAL DIRECT FUNDING, INC.,  DAK PROPERTIES,
LLC.::CALIFORNIA, WICKLAND FAMILY TRUST DIRECT SERVICING, INC.
and PEAK FORECLOSURE SERVICES,INC (Does 1-100)  failed to
secure the required HUD approval to foreclosure,failed to meet
with plaintiffs, failed to explore alternatives to foreclosure
and failed to accept plaintiffs into the HAMP program as
required by law and the deed of trust.

        8. In addition, Defendants, CAPITAL DIRECT FUNDING,
INC.,  DAK PROPERTIES, LLC.::CALIFORNIA, WICKLAND FAMILY TRUST
DIRECT SERVICING, INC. and PEAK FORECLOSURE SERVICES,INC (Does
1-100) and its collection agent, First American, breached
their obligations in paragraph 18 of the deed of trust. This
paragraph incorporates Chapter 38A of the National Housing
Act. This Chapter required the non-judicial trustee sale to be
conducted pursuant to the federal requirements, and by a
Foreclosure Commissioner. In fact no Foreclosure Commissioner
was appointed, contrary to the provisions of the deed of trust
and National Housing Act.

--

PLAINTIFF, LISA HANEY AGAINST CAPITAL DIRECT FUNDING, INC, PEAK
FORECLOSURE SERVICES, INC., DAK PROPERTIES, LLC.::CALIFORNIA, WICKLAND
FAMILY TRUST FOR  MONETARY DAMAGES AND EQUITABLE RELIEF
UNLIMITED CIVIL ACTION
AMOUNT DEMANDED:
$1,500,000.00

9. In addition, PEAK FORECLOSURE SERVICES, INC. was employed by Defendants,Defendants, CAPITAL DIRECT FUNDING, INC.,  DAK PROPERTIES, LLC.::CALIFORNIA, WICKLAND FAMILY TRUST DIRECT SERVICING, INC. and DIRECT SERVICING, INC. (Does 1-100) as a debt collector after plaintiffs defaulted on their loan payment.

PEAK FORECLOSURE SERVICES INC. failed to provide plaintiffs the Debt Validation

Notice required by the FDCPA. PEAK FORECLOSURE SERVICES, INC. also engaged in unfair debt collection practices by proceeding to sell the subject property with actual knowledge that plaintiffs were being denied the protections which are summarized in paragraph 9 of the Deed of Trust.

10. The Trustee Sale was improperly held and the

Trustee's Deed after Sale was wrongfully executed, delivered and

recorded. In particular, the trustee sale was held in violation

of paragraph 9 of the Deed of Trust and contrary to the FDCPA.

Plaintiff is entitled to remain in possession of said property

and will sustain irreparable damages if forced to vacate the

property. Plaintiff, LISA HANEY's disabled 71yr old birth

mother, JOYCE ELAINE COBB-CRAWFORD (tenant since 1974 and

beneficiary to the LOIS A. COBB TRUST U/D/T 9/17/2019) both live

on their social security disability and retirement benefits. In

addition, although Lisa Haney is 53 years old, she continues to

--

for UBER to supplement her income. Defendants, CAPITAL DIRECT

FUNDING, INC.,  DAK PROPERTIES, LLC.::CALIFORNIA, WICKLAND

FAMILY TRUST DIRECT SERVICING, INC. and PEAK FORECLOSURE

SERVICES,INC (Does 1-100)has threatened to evict plaintiff and

plaintiff's elderly disaabled mother, Joyce ELaine Cobb-

Crawford(beneficiary) and file an unlawful detainer action in

this Court.

    11. Plaintiffs are entitled to an order permitting

them to reside in the subject property during the pendency of

this litigation. In addition, they are entitled to the

cancellation of the Trustee's Deed after Sale and damages for

the breach of the FDCPA. Plaintiffs are entitled to this

relief pursuant to the Consent Judgment filed in the US

District Court for the District of Columbia as Civil Action No

1:12-cv-00361RMC and approved by the Court on April 4, 2012.

    **SECOND CAUSE OF ACTION [Cancellation of
Trustees Deed based on Consent Judgment-Against Defendants,
CAPITAL DIRECT FUNDING, INC.,  DAK PROPERTIES,
LLC.::CALIFORNIA, WICKLAND FAMILY TRUST DIRECT SERVICING, INC.
and PEAK FORECLOSURE SERVICES,INC (Does 1-100)]**

    12. Plaintiffs incorporate by reference all the

--

PLAINTIFF, LISA HANEY AGAINST CAPITAL DIRECT FUNDING, INC, PEAK
FORECLOSURE SERVICES, INC., DAK PROPERTIES, LLC.::CALIFORNIA, WICKLAND
FAMILY TRUST FOR  MONETARY DAMAGES AND EQUITABLE RELIEF
UNLIMITED CIVIL ACTION
AMOUNT DEMANDED:
$1,500,000.00

allegations in paragraphs 1 through 11 as if set forth in full.

13. Plaintiffs seek to quiet title against the claims of Defendants, CAPITAL DIRECT FUNDING, INC.,  DAK PROPERTIES, LLC.::CALIFORNIA, WICKLAND FAMILY TRUST DIRECT SERVICING, INC., PEAK FORECLOSURE SERVICES,INC and (Does 1-100) as reflected in the Trustee Deed after Sale. Plaintiffs do not acknowledge Defendants, CAPITAL DIRECT FUNDING,INC., PEAK FORECLOSURE, INC., DAK PROPERTIES, LLC::CALIFORNIA, WICKLAND FAMILY TRUST and DIRECT SERVICICNG as their lender, pursuant to the Deed of Trust. Plaintiffs are ready, willing and able to make the payments required of them pursuant to this but not limited to the Deed of Trust, as appropriately modified pursuant to the DEBT VALIDATION REQUEST sent to Billing ERROR NOTICE and the H.A.M.P request ect. and all other request in MARCH 2021 and May 2022 Consent Judgment. Theamount of these payments must be as set forth in the RAMP program and the related programs for which plaintiffs are intended as third party creditor beneficiaries by virtue of

--

PLAINTIFF, LISA HANEY AGAINST CAPITAL DIRECT FUNDING, INC, PEAK FORECLOSURE SERVICES, INC., DAK PROPERTIES, LLC.::CALIFORNIA, WICKLAND FAMILY TRUST FOR  MONETARY DAMAGES AND EQUITABLE RELIEF UNLIMITED CIVIL ACTION
AMOUNT DEMANDED:
$1,500,000.00

the Consent Judgment. Plaintiffs believe that the doctrine of Judicial Estoppel prevents Royal Forcell, Capital Direct Funding, Inc., Peak Foreclosure Services Inc., Wickland Family Trust and DAK Properties from taking a position in this Court which differs from the position taken in the Consent Judgmen, Direct Servicings, Inc., t.

14. Plaintiffs have named as defendants all persons unknown who claim any legal or equitable interest in the subject property. Said persons are designated ads DOES 1-100.

15. Plaintiffs desire and are entitled to a judicial declaration quieting title in their names, subject to the Deed of Trust in favor of  as of Nov 2019. The Trustee Deed which First American recorded in April 2021 should be canceled.

16. Plaintiffs are entitled to an accounting to determine the amount due under the Deed of Trust, as well as the appropriate payment schedule, monthly payments due to Wells Fargo as provided in the Consent Judgment. Plaintiffs are ready, willing, and able to make all their required payments on the loan as modified pursuant to the terms provided in the Consent

--

PLAINTIFF, LISA HANEY AGAINST CAPITAL DIRECT FUNDING, INC, PEAK FORECLOSURE SERVICES, INC., DAK PROPERTIES, LLC.::CALIFORNIA, WICKLAND FAMILY TRUST FOR  MONETARY DAMAGES AND EQUITABLE RELIEF
UNLIMITED CIVIL ACTION
AMOUNT DEMANDED:
$1,500,000.00

Judgment

WHEREFORE plaintiffs pray for a judgment against defendants and each of them:

1.   For injunctive relief, _pendente-lite,_ permitting them to remain in possession of the subject property on such terms as the Court deems just and proper.

3.   For an order canceling the Trustee Deed after Sale and quieting title in the names of Plaintiffs, subject to the Deed of Trust in favor of WICKLAND FAMILY TRUST, DAK PROPERTIES::LLC,CALIFORNIA, CAPITAL DIRECT FUNDING,INC. and PEAK FORECLOSURE, INC. and Does 1-100 or its assignee.  For an order declaring the amount due on a monthly basis and other terms related to this Deed of Trust and determining the balance on the Deed of Trust.

4.   For general and special and statutory damages according to proof.

5.   For reasonable attorney fees based on the FDCPA violations.

6. For costs of suit.

--

PLAINTIFF, LISA HANEY AGAINST CAPITAL DIRECT FUNDING, INC, PEAK
FORECLOSURE SERVICES, INC., DAK PROPERTIES, LLC.::CALIFORNIA, WICKLAND
FAMILY TRUST FOR  MONETARY DAMAGES AND EQUITABLE RELIEF
UNLIMITED CIVIL ACTION
AMOUNT DEMANDED:
$1,500,000.00

7. For such other and further relief as the
Court deems just and proper.

DATED: DECEMBER 27, 2021

_____

LISA HANEY

_____

PLAINTIFF, LISA HANEY AGAINST CAPITAL DIRECT FUNDING, INC, PEAK
FORECLOSURE SERVICES, INC., DAK PROPERTIES, LLC.::CALIFORNIA, WICKLAND
FAMILY TRUST FOR  MONETARY DAMAGES AND EQUITABLE RELIEF
UNLIMITED CIVIL ACTION
AMOUNT DEMANDED:
$1,500,000.00

--

PLAINTIFF, LISA HANEY AGAINST CAPITAL DIRECT FUNDING, INC, PEAK
FORECLOSURE SERVICES, INC., DAK PROPERTIES, LLC.::CALIFORNIA, WICKLAND
FAMILY TRUST FOR  MONETARY DAMAGES AND EQUITABLE RELIEF
UNLIMITED CIVIL ACTION
AMOUNT DEMANDED:
$1,500,000.00

Defendant, CAPITAL DIRECT FUNDING. INC., Direct Servicing,
Inc., DAK PROPERTIES, LLC.::CALIFORNIA, WICKLAND FAMILY
TRUST, PEAK FORECLOSURE SERVICES, INC. BANK claims to be' the
owner of the subject property, by virtue of a Trustee's Deed
after Sale signed by First American Trustee Servicing
Solutions LLC and recorded in the office of the Contra Costa
Recorder as Document 2011 0116629-00 on June 13, 2011.

    3. CAPITAL DIRECT FUNDING. INC., DAK PROPERTIES, LLC.:
CALIFORNIA, WICKLAND FAMILY TRUST, PEAK FORECLOSURE SERVICES,
INC. BANK [CAPITAL DIRECT FUNDING. INC., DAK PROPERTIES,
LLC.: CALIFORNIA, WICKLAND FAMILY TRUST, PEAK FORECLOSURE
SERVICES, INC.] is a national bank that does business in
California. CAPITAL DIRECT FUNDING. INC., DIRECT
SERVICING,INC., DAK PROPERTIES, LLC.: CALIFORNIA, WICKLAND
FAMILY TRUST, PEAK FORECLOSURE SERVICES, INC. made the loan
which is the subject of this lawsuit and was the foreclosing
beneficiary. CAPITAL DIRECT FUNDING. INC., DIRECT SERVICING,
INC., DAK PROPERTIES, LLC.: CALIFORNIA, WICKLAND FAMILY
TRUST, PEAK FORECLOSURE SERVICES, INC. promptly sold the loan
to an unidentified entity and is currently the servicer of
the loan.

    4. Plaintiffs do not know the true names and capacities,
whether corporate, associate, or individual, of of the
defendants designated herein as DOE 1-100 is negligently or
otherwise responsible in some manner for the events and
happenings referred to and by such negligence has proximately
caused the wrongful injuries of the plaintiff as herein
alleged. The defendants designated as DOE 1-100 claim some
interest in the subject property which is adverse to
plaintiffs and said claims are invalid.

5.    5. In order to secure payment of principal and interest
for a loan on the subject property, plaintiffs executed the
Deed of Trust which was recorded with the Contra Costa

--

PLAINTIFF, LISA HANEY AGAINST CAPITAL DIRECT FUNDING, INC, PEAK
FORECLOSURE SERVICES, INC., DAK PROPERTIES, LLC.::CALIFORNIA, WICKLAND
FAMILY TRUST FOR  MONETARY DAMAGES AND EQUITABLE RELIEF
UNLIMITED CIVIL ACTION
AMOUNT DEMANDED:
$1,500,000.00

Recorder. Plaintiffs ask that the Court take judicial notice of this deed of trust and its contents. Said security instrument was prepared by CAPITAL DIRECT FUNDING. INC., DAK PROPERTIES, LLC.: CALIFORNIA, WICKLAND FAMILY TRUST, PEAK FORECLOSURE SERVICES, INC. and CAPITAL DIRECT FUNDING. INC., DAK PROPERTIES, LLC.: CALIFORNIA, WICKLAND FAMILY TRUST, PEAK FORECLOSURE SERVICES, INC. agreed to all the terms in said deed of trust.

6.   CAPITAL DIRECT FUNDING. INC., DAK PROPERTIES, LLC.: CALIFORNIA, WICKLAND FAMILY TRUST, PEAK FORECLOSURE SERVICES, INC. caused a Notice of Default, Notice of Trustee Sale and Trustee Deed to be recorded against the subject property contrary to the provisions of the Deed of Trust. In particular, Paragraph 9 of the Deed of trust explicitly required CAPITAL DIRECT FUNDING. INC., DAK PROPERTIES, LLC.: CALIFORNIA, WICKLAND FAMILY TRUST, PEAK FORECLOSURE SERVICES, INC. and its Trustee to comply with the provisions of the National Housing Act [**11** U.S.C. §1701 et seq and implementing regulations]. The regulations referenced in paragraph 9(d) of the Deed of Trust state explicitly:

> It is the intent of the Department that no mortgagee shall commence foreclosure **or acquire title** until the requirements of this subpart have been followed. [24 CFR §203.500] (emphasis added

CAPITAL DIRECT FUNDING. INC., DAK PROPERTIES, LLC.: CALIFORNIA, WICKLAND FAMILY TRUST, PEAK FORECLOSURE SERVICES, INC. secured its Trustee Deed after Sale without complying with the requirements of the National Housing Act or of the Federal Fair Debt Collection Practices Act [FDCPA, 15 U.S.C. §1692].

7. In particular, CAPITAL DIRECT FUNDING. INC., DAK PROPERTIES, LLC.: CALIFORNIA, WICKLAND FAMILY TRUST, PEAK FORECLOSURE SERVICES, INC. failed to engage in any of the required loss mitigation rules required by the National Housing Act. Plaintiffs paid a substantial fee when the loan was originated for the privilege of securing the protections of 12 U.S.C. §1715u and the implementing regulations. Among these protections are the requirement that CAPITAL DIRECT

--

PLAINTIFF, LISA HANEY AGAINST CAPITAL DIRECT FUNDING, INC, PEAK FORECLOSURE SERVICES, INC., DAK PROPERTIES, LLC.::CALIFORNIA, WICKLAND FAMILY TRUST FOR MONETARY DAMAGES AND EQUITABLE RELIEF
UNLIMITED CIVIL ACTION
AMOUNT DEMANDED:
$1,500,000.00

FUNDING. INC., DAK PROPERTIES, LLC.: CALIFORNIA, WICKLAND
FAMILY TRUST, PEAK FORECLOSURE SERVICES, INC. meet with
plaintiffs on a face to face basis to discuss alternatives to
the requirement that CAPITAL DIRECT FUNDING. INC., DAK
PROPERTIES, LLC.: CALIFORNIA, WICKLAND FAMILY TRUST, PEAK
FORECLOSURE SERVICES, INC. meet with plaintiffs on a face to
face basis to discuss alternatives to forclosure and
modifications of the subject loan. Also CAPITAL DIRECT
FUNDING. INC., DAK PROPERTIES, LLC.: CALIFORNIA, WICKLAND
FAMILY TRUST, PEAK FORECLOSURE SERVICES, INC. was required to
secure the approval of the Secretary of Housing and Urban
Development prior to commencing any foreclosure proceedings.
In addition CAPITAL DIRECT FUNDING. INC., DAK PROPERTIES,
LLC.: CALIFORNIA, WICKLAND FAMILY TRUST, PEAK FORECLOSURE
SERVICES, INC. was required to accept modifications to the
loan pursuant to the HAMP program.

CAPITAL DIRECT FUNDING. INC., DAK PROPERTIES, LLC.:
CALIFORNIA, WICKLAND FAMILY TRUST, PEAK FORECLOSURE SERVICES,
INC. breached all these obligations, and all

the other requirements of law by prematurely foreclosing on

the subject property. CAPITAL DIRECT FUNDING. INC., DAK
PROPERTIES, LLC.: CALIFORNIA, WICKLAND FAMILY TRUST, PEAK
FORECLOSURE SERVICES, INC. failed secure the required HUD

approval to foreclosure, failed to meet with plaintiffs,
failed to

explore alternatives to foreclosure and failed to accept

plaintiffs into the HAMP program as required by law and the
deed

of trust.

8. In addition, CAPITAL DIRECT FUNDING. INC., DAK
PROPERTIES, LLC.: CALIFORNIA, WICKLAND FAMILY TRUST, PEAK
FORECLOSURE SERVICES, INC. and its collection agent,

--

PLAINTIFF, LISA HANEY AGAINST CAPITAL DIRECT FUNDING, INC, PEAK
FORECLOSURE SERVICES, INC., DAK PROPERTIES, LLC.::CALIFORNIA, WICKLAND
FAMILY TRUST FOR  MONETARY DAMAGES AND EQUITABLE RELIEF
UNLIMITED CIVIL ACTION
AMOUNT DEMANDED:
$1,500,000.00

First American, breached their obligations in paragraph 18 of

the deed of trust. This paragraph incorporates Chapter 38A of

the National Housing Act. This Chapter required the non-

judicial trustee sale to be conducted pursuant to the federal

requirements, and by a Foreclosure Commissioner. In fact no

Foreclosure Commissioner was appointed, contrary to the

provisions of the deed of trust and National Housing Act.

        9. In addition, First American Trustee Servicing

Solutions LLC [First American] was employed by CAPITAL DIRECT
FUNDING. INC., DIRECT SERVICING, INC. DAK PROPERTIES, LLC.:
CALIFORNIA, WICKLAND FAMILY TRUST, PEAK FORECLOSURE SERVICES,
INC. as a

debt collector after plaintiffs defaulted on their loan payment.

First American failed to provide plaintiffs the Debt Validation

Notice required by the FDCPA. First American also engaged in

unfair debt collection practices by proceeding to sell the

subject property with actual knowledge that plaintiffs were
being

denied the protections which are summarized in paragraph 9 of
the

Deed of Trust.
        10. The Trustee Sale was improperly held and the
Trustee's Deed after Sale was wrongfully executed, delivered and
recorded. In particular, the trustee sale was held in violation
of paragraph 9 of the Deed of Trust and contrary to the FDCPA.
Plaintiff is entitled to remain in possession of said property
and will sustain irreparable damages if forced to vacate the
property. CAPITAL DIRECT FUNDING. INC., DAK PROPERTIES, LLC.:
CALIFORNIA, WICKLAND FAMILY TRUST, PEAK FORECLOSURE SERVICES,
INC. has threatened to evict plaintiffs and filed an unlawful
PLAINTIFF, LISA HANEY AGAINST CAPITAL DIRECT FUNDING, INC, PEAK
FORECLOSURE SERVICES, INC., DAK PROPERTIES, LLC.::CALIFORNIA, WICKLAND
FAMILY TRUST FOR  MONETARY DAMAGES AND EQUITABLE RELIEF
UNLIMITED CIVIL ACTION
AMOUNT DEMANDED:
$1,500,000.00

detainer action in this Court. Rebecca Hardie, The judge hearing said eviction action, concluded that the deficiencies in the trustee sale summarized in this Complaint are beyond the jurisdiction of the limited jurisdiction unlawful detainer proceedings. For this reason, Judge Hardie failed to address these issues.

11. Plaintiffs are entitled to an order permitting them to reside in the subject property during the pendency of this litigation. In addition, they are entitled to the cancellation of the Trustee's Deed after Sale and damages for the breach of the FDCPA. Plaintiffs are entitled to this relief pursuant to the Consent Judgment filed in the US District Court for the District of Columbia as Civil Action No 1:12-cv-00361RMC and approved by the Court on April 4, 2012.

**SECOND CAUSE OF ACTION [Cancellation of Trustees Deed based on Consent Judgment-Against CAPITAL DIRECT FUNDING. INC., DAK PROPERTIES, LLC.: CALIFORNIA, WICKLAND FAMILY TRUST, PEAK FORECLOSURE SERVICES, INC.]**

12. Plaintiffs incorporate by reference all the allegations in paragraphs 1 through 11 as if set forth in full.

13. Plaintiffs seek to quiet title against the claims of CAPITAL DIRECT FUNDING. INC., DAK PROPERTIES, LLC.: CALIFORNIA, WICKLAND FAMILY TRUST, PEAK FORECLOSURE SERVICES, INC. as reflected in the Trustee Deed after Sale. Plaintiffs acknowledge CAPITAL DIRECT FUNDING. INC., DAK PROPERTIES, LLC.: CALIFORNIA, WICKLAND FAMILY TRUST, PEAK FORECLOSURE SERVICES, INC. as their lender, pursuant to the Deed of Trust. Plaintiffs are ready, willing and able to make the payments required of them pursuant to this Deed of Trust, as appropriately modified pursuant to the Consent Judgment. The amount of these payments must be as set forth in the RAMP program and the related programs for which plaintiffs are intended as third party creditor beneficiaries by virtue of the Consent Judgment. Plaintiffs believe that the doctrine of Judicial Estoppel prevents CAPITAL DIRECT FUNDING. INC., DAK PROPERTIES, LLC.: CALIFORNIA, WICKLAND FAMILY TRUST, PEAK

--

4.      For an injunction and all injunctive relief against all Defendants from foreclosing on my property,

5.      For declaratory relief against all defendants,

6. For compensatory and special damages,

7.      For any and all relief as the court deems proper and just.

8. WHEREFORE plaintiffs pray for a judgment against defendants and each of them:

For injunctive relief, pendent lite, permitting them to remain in possession of the subject property on such terms as the Court deems just and proper.

For an order canceling the Trustee Deed after Sale and quieting title in the names of Plaintiffs, subject to the Deed of Trust in favor of CAPITAL DIRECT FUNDING. INC., DAK PROPERTIES, LLC.: CALIFORNIA, WICKLAND FAMILY


Date: 3/20/2022                          LISA HANEY,


                                         _____
                                         LISA HANEY, Plaintiff, *In Pro Per*


## VERIFICATION

       I, the undersigned, say:

       I represent the Plaintiff in this matter. The contents of the Complaint are true of my personal knowledge, except as to matters which are stated on my information and belief and, as to these matters, I believe them to be true.

       I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on                              2021, California.


                                         _____
                                         LISA HANEY,
                                         Plaintiff, *In Pro Per*


--

PLAINTIFF, LISA HANEY AGAINST CAPITAL DIRECT FUNDING, INC, PEAK FORECLOSURE SERVICES, INC., DAK PROPERTIES, LLC.::CALIFORNIA, WICKLAND FAMILY TRUST FOR  MONETARY DAMAGES AND EQUITABLE RELIEF
UNLIMITED CIVIL ACTION
AMOUNT DEMANDED:
$1,500,000.00

1  Neil B. Katz, Bar No. 100689
   Law Office of Neil B. Katz
2  1661 240th Street
   Harbor City, California, 90710
3  Telephone No.: (310) 408-2886
   NeilKatz56@gmail.com
4
   Attorney For Objecting Party
5  DAK Properties LLC

6

7

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10
                                    )  Case No: 2:21-16576-NB
11  In re:                          )  Chapter 13
                                    )
12                                  )  OBJECTION TO CONFIRMATION OF
    LISA HANEY                      )  PLAN; DECLARATION OF
13                                  )  FRANCISCO WILLIAMS.
                   Debtor.          )
14                                  )  Confirmation Hearing:
                                    )  Date:  11/14/2021
15                                  )  Time:  9:30 AM
                                    )  Ctrm:  1545
16

17          DAK Properties LLC ("Creditor") objects to the proposed Chapter 13 Plan

18  ("Plan") filed by Lisa Haney ("Debtor") based on the following facts and grounds:

19          1.     As more fully set forth in the Declaration of Francisco Williams ("the

20  Declaration") attached hereto and incorporated herein by reference, and as shown

21  by the formal Proof of Claim on file herein as Claim 2, Creditor is the holder of a

22  secured claim against Debtor based upon a promissory note ("the Note") secured

23  by a deed of trust ("Deed of Trust") on certain real property commonly known as

24  1146 E. 58th Place, Los Angeles CA 90001 ("the Property"). Debtor is in default as

25  to the performance of her obligations under the Note and Deed of Trust, due to the

26  failure to make the payments due thereunder.

27  ///

28

                                Page 1