# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lisa Haney | **CASE NUMBER** |
| | 2:22-cv-01858-PA-MARx |
| PLAINTIFF(S) | |
| v. | |
| Royal Forcell et al | **ORDER RE REQUEST TO PROCEED** |
| | ***IN FORMA PAUPERIS*** |
| DEFENDANT(S) | |

**IT IS ORDERED** that the Request to Proceed *In Forma Pauperis* is hereby GRANTED.

_____          _____
Date                                                    United States Magistrate Judge

---

**IT IS RECOMMENDED** that the Request to Proceed *In Forma Pauperis* be **DENIED** for the following reason(s):

☐ Inadequate showing of indigency            ☒ District Court lacks jurisdiction

☐ Legally and/or factually patently frivolous      ☐ Immunity as to _____

☐ Other: _____

_____

Comments:

See Attachment

March 24, 2022
_____          _____
Date                                                    United States Magistrate Judge

---

**IT IS ORDERED** that the Request to Proceed *In Forma Pauperis* is hereby:

☐ GRANTED

☒ DENIED (see comments above).  IT IS FURTHER ORDERED that:

    ☐ Plaintiff SHALL PAY THE FILING FEES IN FULL within 30 days or this case will be dismissed.

    ☒ This case is hereby DISMISSED immediately.

    ☐ This case is hereby REMANDED to state court.

March 24, 2022
_____          _____
Date                                                    United States District Judge

**Attachment to Form CV 73**

Plaintiff Lisa Haney ("Plaintiff"), a California resident, filed the instant pro se civil action against Defendants Royal Forcell, Capital Direct Funding, Inc., Peak Foreclosure Services, Inc., Direct Servicing, Inc., Dak Properties, Inc.,California, and Wickland Family Trust.  ECF Docket No. ("Dkt.") 1.  Plaintiff also filed a Request to Proceed In Forma Pauperis ("IFP").  Dkt. 3.

# I.
# LACK OF JURISDICTION

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and statute.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  A "party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir.1996).  "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." Peralta v. Hispanic Bus., Inc., 419 F.3d 1064, 1068 (9th Cir. 2005).

Under federal question jurisdiction, the district court "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Under diversity jurisdiction, the parties must be in complete diversity and the amount in controversy must exceed $75,000.  Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089 (9th Cir. 2003).  Jurisdiction based on complete diversity of citizenship requires all plaintiffs to have a different citizenship from all defendants.  See 28 U.S.C. § 1332.  Furthermore, "[a]bsent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Wingfield v. Target Corp., No. CV 09–2663 PA (MANx), 2009 WL 1068867, at *1 (C.D. Cal. Apr. 21, 2009) (quoting Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001)).

Here, Plaintiff claims federal jurisdiction exits under both federal question and diversity theories.  With respect to federal question jurisdiction, Plaintiff argues "the court has subject matter jurisdiction because the federal statute 18 USC § 1343 is implicated by the actions of all defendants." Dkt. 1 at 2.  However, 18 USC § 1343 is a federal criminal statute that does not provide a private cause of action.  Wisdom v. First Midwest Bank of Poplar Bluff, 167 F.3d 402, 409 (8th Cir. 1999) (finding no private right of action under 18 U.S.C. §§ 1341 and 1343); see also McKeague v. Matsuura, No. CIV.08-00571ACKKSC, 2009 WL 89112, *1 (D. Haw. Jan. 12, 2009) ("To the extent that Plaintiff alleges that any of Defendants' actions are criminal and violate federal criminal statutes involving fraud, extortion, grand theft, conspiracy, and conversion, the Court lacks jurisdiction to hear allegations of criminal conduct that are brought by private individuals rather than a governmental agency.").  Furthermore, Plaintiff does not cite to 18 USC § 1343 in the rest of the Complaint or explain how the statute is implicated.  See Dkt. 1.

With respect to diversity jurisdiction, Plaintiff has not shown that she has different citizenship from all defendants.  In fact, Plaintiff does not appear to allege the citizenship of all Defendants.  Plaintiff writes:

District Court has original, subject matter and diversity jurisdiction pursuant to 18 USC §1332 because the parties, Royal Forcell, Capital Direct Funding, Inc., Peak Foreclosure Services, Inc., Direct Servicing, Inc., Dak Properties, Inc..::California, and Wickland Family Trust who are a corporation in Delaware and I am a resident of California."

Dkt. 1 at 2.  It is unclear whether Plaintiff alleges all Defendants are Delaware corporations, or just the Wickland Family Trust.  In fact, Plaintiff appears to imply that at least one Defendant is a citizen of California because, for the purposes of establishing venue, she alleges that at least one Defendant primarily resides in the Central District of California.  Id.  Indeed, "Royal Forcell" appears to be an individual real estate agent located in California.  See Profile for Royal Forcell at realestateagents.com, available at https://www.realestateagents.com/agent/royal-forcell-ca (last visited March 22, 2022).  Furthermore, Capital Direct Funding, Inc. appears to operate primarily in Los Angeles.  See Capital Direct Funding, Inc. Website, available at https://www.capitaldf.com/ (last visited March 22, 2022).  Without more information, Plaintiff has not sustained her burden of showing this court has jurisdiction to hear her claims.